[Cite as *Tillimon v. Moore*, 2018-Ohio-3212.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

| | |
|---|---|
| Duane J. Tillimon | Court of Appeals Nos. L-18-1040 |
| | L-18-1041 |
| Appellant | |
| | Trial Court Nos. CVG-17-15338 |
| v. | CVG-17-14177 |
| Brittany Moore, et al. | |
| Appellees | |
| and | |
| MidFirst Bank | **DECISION AND JUDGMENT** |
| Defendant | Decided: August 10, 2018 |

* * * * *

Duane J. Tillimon, pro se.

Kaser S. Bhatti and Veronica L. Martinez, for appellee Brittany Moore.

* * * * *

**SINGER, J.**

{¶ 1} Appellant, Duane Tillimon, appeals from the January 29, 2018 judgment of the Toledo Municipal Court, where his requests for monetary damages resulting from

appellees' breach of lease and subsequent eviction were partly denied. Because we take issue with the denial of the requests for unpaid utilities and other damages for the months of September and October 2017, we affirm, in part, and reverse, in part.

## Assignment of Error

{¶ 2} Appellant sets forth the following assignment of error:

THE TRIAL COURT COMMITTED REVERSIBLE ERROR, AND ABUSED ITS DISCRETION, BY GRANTING A MONEY JUDGMENT WITHOUT FIRST ELICITING EITHER ORAL OR WRITTEN TESTIMONY TO SUPPORT THE JUDGMENT GRANTED, AND SINCE THERE WAS NO ADMISSIBLE EVIDENCE INTRODUCED TO SUPPORT THE TRIAL COURT'S JUDGMENT, THE JUDGMENT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

## Background

{¶ 3} This consolidated, accelerated appeal stems from two separate landlord complaints appellant filed in the Toledo Municipal Court against appellees in September and October 2017, which commenced case Nos. CVG-17-14177 and CVG-17-15338, respectively.

{¶ 4} In both cases appellant requested restitution of the property located at 14 Van Buren Avenue, Toledo, Ohio 43605, along with unpaid rent, unpaid utilities, and other expenses. The trial court denied restitution of the property in the first case because

2.

appellant had filed the first complaint prematurely, and that is what prompted appellant to file the second complaint.

{¶ 5} Eventually appellant was granted restitution of the property, and the cases were consolidated on December 13, 2017. Prior to being consolidated, both cases had a set time for appellees to respond to appellant's complaints and requests for damages, but appellees failed to do so.

{¶ 6} As a result of appellees failing to timely answer, the trial court granted default judgment with respect to the action for damages. Without holding a hearing, the court granted appellant $850 in unpaid rent for the months of September and October 2017. The trial court, however, denied appellant the other damages sought, stating in relevant part as follows:

> In Plaintiff's Motion for Default Judgment, Plaintiff states that, as a matter of law, Plaintiff is entitled to default judgment against the Defendants due to the fact that Defendant failed to file a timely answer or other responsive pleading. The court agrees. However, due to the foreclosure action against the Plaintiff in the Lucas County Court of Common Pleas in Case Number G-4801-CI-201701936-000, the court finds that Plaintiff is only entitled to non-payment of rent for September and October 2017, less the security deposit paid ($750.00 + $750.00 - $650.00 = $850.00). Plaintiff is not entitled to any other damages as he is no longer owner of premises.

3.

**{¶ 7}** This is the only language in the January 29, 2018 judgment entry with which the trial court addressed monetary damages granted appellant. Appellant timely appealed.

### Legal Analysis

**{¶ 8}** Appellant argues the trial court erred by limiting his unpaid rent damages and denying the other requested damages without a hearing. He argues the trial court incorrectly relied on a foreclosure case that was not part of this consolidated case to find him to not be the owner and, hence, that the record was insufficient to render such judgment.

**{¶ 9}** Appellee Moore counters, arguing a local rule allows for judgment without a hearing where the damages sought are liquidated. Appellee Moore further argues that appellant was divested of ownership of the property beyond October 2017, and that the trial court could and did take judicial notice of that judgment.

**{¶ 10}** Toledo Municipal Court Loc.R. 29(D) states:

> In a forcible entry and detainer action, if the defendant has failed to appear or otherwise defend on the second cause of action, default judgment may be entered upon oral or written motion when judgment is to be based upon a liquidated claim and when the motion is accompanied by an affidavit with supporting documentation signed by a party with actual knowledge verifying that the amount is accurate. A second cause of action

4.

claiming unliquidated damages will be set for an assessment hearing by the assignment commissioner before the housing court judge.

{¶ 11} Here, appellant requested damages for unpaid rent, unpaid utilities, cleaning and repairs beyond normal wear, re-rental expenses, and attorney fees. The trial court, however, only granted appellant the unpaid rent damages in the amount of $850. This amount was for the months of September and October 2017, as the court found appellant no longer had an interest in the rental property beyond that point in time.

{¶ 12} Initially, we find no error in the trial court limiting appellant's damages to those months, as there is competent, credible evidence in the record where an October 26, 2017 Lucas County Common Pleas judgment entry was submitted and reflected the October 4, 2017 sheriff sale of the property to MidFirst Bank. *See*, *e.g.*, *Ohio ex rel. Kolkowski v. Bd. of Commrs.*, 11th Dist. Lake No. 2008-L-138, 2009-Ohio-2532, ¶ 38 ("Although this court's ability to take judicial notice is not unbridled, we may take judicial notice of findings and judgments as rendered in other Ohio cases.").

{¶ 13} Moreover, and although appellant attempts to argue there is no "oral or written" evidence of his actual damages, we find in the record an October 20, 2017 affidavit from him which reflects in relevant part as follows:

2. Brittany Moore, Denise Moore and the Boyfriend of Brittany Moore are in default for payment of the September, 2017 and October, 2017 rent payments.

5.

3. Brittany Moore, Denise Moore, and the Boyfriend of Brittany Moore are in default for failing to pay the water, sewer and refuse (sic) collection charges pursuant to Paragraph #8 UTILITIES of the Rental Agreement attached to the Complaint in Toledo Municipal Court Case No. CVG-17-15338.

{¶ 14} Therefore there is competent, credible evidence to support the trial court's calculation of the unpaid rent damages, and we affirm the amount ($850) and the limiting of those damages to the months appellant was owner.

{¶ 15} We do note, however, that the trial court only granted appellant unpaid rent for that time period, and did not address why it denied appellant's requests for unpaid utilities and other damages incurred during those months he was owner. Our review of the record actually reveals appellant may be entitled to relief based on unpaid utilities and other damages.

{¶ 16} For example, the second complaint, which was filed in case No. CVG-17-15338, specifically states in pertinent part as follows:

3. Defendants are in default for payment of rent and payment of water, sewer and trash pick-up charges since September 1, 2017. * * *

7. There is now owing to the Plaintiff the sum of $1500 plus $750.00 per month commencing November 1, 2017 and until the premises is re-rented or the termination date of August 31, 2018 is reached, whichever date is earlier, and for unpaid utilities, and cleaning and repairs

6.

beyond normal wear, and for re-rental expenses and attorney fees pursuant to R.C. 5321.04(C).

8. Defendants have violated R.C. 5321.05(A)(1) through (A)(8) by physically damaging the premises by failing to keep the premises in an undamaged, clean, safe and sanitary condition.

9. There is now owing to Plaintiff the sum of $1500.00 or more, plus court costs, and the actual amount proven for the balance of rent owed on the Rental Agreement, utility expenses, cleaning and repairs beyond normal wear, re-rental expenses, and attorney fees pursuant to R.C. 5321.04(C) and statutory interest on the judgment. * * *

{¶ 17} In addition, appellant attached to his complaints the lease in which he and appellees agreed to rental terms. The lease, in relevant part, states as follows:

6. CONTRACT RENTAL PAYMENT (GROSS): The rent shall be $750.00 per month payable in four equal installments of $187.50 payable no later than 4:00 P.M. on the 1st, 8th, 15th, and 22nd days of the month in advance of occupancy. * * *

8. UTITLITIES: The Landlord shall pay the following utilities NONE. The Tenant shall pay the following utilities ALL. Utilities shall be transferred within 3 days of commencement of this Rental Agreement.* * *

16. BREACH OF RENTAL AGREEMENT: * * * If the Tenant vacates the premises prior to the termination date of the anniversary date,

the Tenant shall remain liable for rent, the cost of utilities, and the cost of maintaining the dwelling and yard, until the premises is re-rented, or can be re-rented id not left in a re-rentable condition.

{¶ 18} Furthermore with respect to damages to which appellant may be entitled, R.C. 5321.05(C)(1) provides:

If the tenant violates any provision of this section, other than division (A)(9) of this section, the landlord may recover any actual damages that result from the violation together with reasonable attorney's fees. This remedy is in addition to any right of the landlord to terminate the rental agreement, to maintain an action for the possession of the premises, or to obtain injunctive relief to compel access under division (B) of this section.

{¶ 19} Accordingly, appellant may still have a valid claim for compensation for damages incurred during the months he was owner of the premises. The trial court's general justification for denying the additional damages, which was based on appellant's lack of ownership, is found insufficient to dispose of those requests. The assigned error is found well-taken, in part.

{¶ 20} Lastly, we note that appellant filed a post-oral argument motion to supplement the record on June 8, 2018, arguing that additional material submitted into the trial record (after this appeal was filed) would further support reversal. No opposition has been filed. Reviewing the motion and the entire record as submitted, we find the

8.

additional material to which appellant refers was submitted beyond the date of the judgment appealed, January 29, 2018. Therefore we will not consider the material in addressing this appeal, and the motion is denied.

**Conclusion**

{¶ 21} The January 29, 2018 judgment of the Toledo Municipal Court is affirmed, in part, and reversed, in part. The matter is remanded, and the trial court is ordered to hold a hearing and allow submission of evidence to calculate, ascertain, and grant appropriate monetary damages to appellant in a manner consistent with this decision. Appellant and appellee Moore are ordered to split the costs of this appeal pursuant to App.R. 24.

Judgment affirmed, in part,
and reversed, in part.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.      _____

                                                  JUDGE

Arlene Singer, J.     

                               _____

James D. Jensen, J.                                  JUDGE
CONCUR.

                                            _____

                                                 JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.